IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

Case No. 4:26-cv-351

ALEX MAXIM,

Plaintiff,

v.

ROBOFLOW, INC.,

Defendant.

---

**COMPLAINT**

Plaintiff Alex Maxim ("Plaintiff") sues defendant Roboflow, Inc. ("Defendant"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is an individual who is a citizen of British Columbia, Canada.

2. Defendant is a corporation organized and existing under the laws of the State of Iowa with its principal place of business located at 500 Locust Street, Suite 104, Des Moines, IA 50309. Defendant's agent for service of process is Joseph Nelson, 500 Locust Street, Suite 104, Des Moines, IA 50309.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "In construing that section, courts have generally held that a defendant may be 'found' in any district in which personal jurisdiction may be obtained over the defendant." Infogroup Inc. v. Office Depot, No. 8:20CV109, 2020 U.S. Dist. LEXIS 212227, at *16 (D. Neb. Nov. 13, 2020). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is a well-known and highly regarded photographer and photo re-toucher. Plaintiff's extensive and variable portfolio is available on his business website at https://www.maximimages.com.

7. Plaintiff is the founder and developer of MaximImages, an image library launched in 2006 that offers a unique and wide selection of beauty, fashion, boudoir, glamour, sensual and tasteful art nudes as well as automotive stock photography, travel, nature, and landscape fine art imagery.

8. Plaintiff owns his photographs and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that his customers are not permitted to transfer, assign, or sub-license any of

Plaintiff's photographs to another person/entity.

## II. The Work at Issue in this Lawsuit

9. Plaintiff created two (2) photographs of female faces (collectively, the "Work") which were allegedly infringed by Defendant as set forth herein. Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding US Copyright Office registration number for such photographs, and one or more screenshots of the alleged infringement of such photographs.

10. Each photograph comprising the Work was registered by Plaintiff with the Register of Copyrights and was assigned a registration number thereby. True and correct copies of the Certificates of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

11. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III. Defendant's Unlawful Activities

12. Defendant owns and operates an online platform, based in Des Moines, Iowa, hosting repositories of computer vision datasets and related AI resources for developers, businesses, and machine-learning teams building image and video recognition applications.

13. Defendant advertises/markets its business through its website (https://universe.roboflow.com/), social media (e.g. https://www.facebook.com/roboflowai/, https://www.instagram.com/roboflowai/, and https://www.youtube.com/c/Roboflow), and other forms of advertising.

14. On March 1, 2024 (a date after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

15. True and correct copies of screenshots of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, are included in Exhibit "A" hereto.

16. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

17. Defendant utilized the Work for commercial use.

18. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer discovered Defendant's unauthorized use/display of the Work on August 23, 2023. Following such discovery, Plaintiff notified Defendant in writing of such unauthorized use.

20. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23. Plaintiff owns a valid copyright in each photograph comprising the Work, having

registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

24. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, social media, and/or printed media.

25. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff or his above-named customer.

26. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

27. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

28. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: August 25, 2026.

Reid Law Firm, PLLC
100 Court Ave., Ste. 315
Des Moines, IA 50309
timm@treidlawfirm.com
(515) 381-9842

By: /s/Timm W. Reidi________
Timm Reid, Esq.

Attorney for Plaintiff